**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MIRCROMED TECHNOLOGY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WILLIAM BIRDSALL and STEPHANIE ) <br> BIRDSALL, ) <br> ) <br> Defendants. ) <br> _____ ) | No. CIV 13-586-TUC-CKJ <br><br> **ORDER** |

Pending before the Court are the Motion to Dismiss/Strike and Expunge Answer (Doc. 9) and the Motion for Summary Disposition (Doc. 10) filed by Plaintiff/Counterdefendant MicroMed Technology, Inc. ("Micromed"). Defendants/Counterclaimants William Birdsall ("Birdsall") and Stephanie Birdsall ("the Birdsalls") have filed a Response to the Motion to Strike/Expunge Answer and Motion to Dismiss (Doc. 11) and MicroMed has filed a Reply (Doc. 12).

*Procedural History*

On July 3, 2013, MicroMed filed a complaint with the Court alleging claims of a violation of the automatic bankruptcy stay, corporate defamation, commercial disparagement, and trade libel against the Birdsalls. Micromed alleges Birdsall (a former director and office of MircroMed and non-party MicroMed Cardiovascular, Inc.) acted on behalf of, and in furtherance of, his marital community.

MircoMed alleges it has petitioned for bankruptcy and remains a debtor in possession,

1 Birdsall has transmitted hostile emails to shareholders, officers and directors of MicroMed
2 Technology and other individuals who have business relationships with MicroMed
3 Technology, and Birdsall has spread false and misleading information about MicroMed
4 Technology and its medical device with the purpose of harming MicroMed Technology, and
5 obstructing the plan of reorganization.

6       On July 19, 2013, the Birdsall filed an Answer (Doc. 8).  The document is titled as an
7 Answer, but states that it includes an Answer, Affirmative Defenses, and Counterclaims.  The
8 documents specifically addresses (with either admissions or denials) the allegations set forth
9 in the Complaint and includes a list of fourteen  affirmative defenses.  The documents does
10 not specify any counterclaims.  The Birdsalls allege Birdsall's emails were true or expressed
11 a reasonable and supportable opinion based on facts, and constitute whistleblowing of
12 securities fraud.  The Answer appear to allege a claim of employment of manipulative and
13 deceptive practices in violation of SEC Rule 10b-5 as a counterclaim.

14       On August 9, 2013, MicroMed filed a Motion to Dismiss/Strike and Expunge Answer
15 (Doc. 9).  On September 13, 2013, MicroMed filed a Motion for Summary Disposition of
16 Motion to Strike/Expunge Answer and Motion to Dismiss Counterclaims (Doc. 10).  The
17 Birdsalls filed a Response to the Motion to Strike/Expunge Answer and Motion to Dismiss
18 (Doc. 11) on September 20, 2013, and MicroMed filed a Reply on September 30, 2013 (Doc.
19 12).

20

21 *Motion for Summary Disposition*

22       MicroMed requests its Motion to Dismiss/Strike and Expunge Answer be granted by
23 summary disposition because the Birdsalls did not timely file an opposition.  On September
24 20, 2013, forty-two days after the filing of the Motion to Dismiss/Strike and Expunge
25 Answer and seven days after the filing of the Motion for Summary Disposition, the Birdsalls
26 filed a Response to the Motion to Strike/Expunge Answer and Motion to Dismiss.  The
27 Birdsalls do not address MicroMed's request for summary disposition.

28

The failure to file a response to a motion may be deemed a consent to the granting of that motion and it may be disposed of summarily. LRCiv. 7.2(i). Nonetheless, as the Birdsalls have filed a response to the Motion to Strike/Expunge Answer and Motion to Dismiss, the Court finds it appropriate to consider the merits of the parties' arguments. However, the Court advises the Birdsalls that future non-compliance or untimely compliance with applicable rules or orders of the Court will not be looked upon with favor.

*Motion to Strike/Expunge*

MircroMed requests the Birdsalls' Answer be stricken as procedurally inappropriate and a noncompliant intermixing of pleadings and motions. MicroMed asserts the Answer does not concisely and directly answer each allegation in the Complaint as required by Fed.R.Civ.P. 8. The Court disagrees with this assertion. The Answer concisely and directly addresses each allegation. The Answer then goes on to explain the admissions and denials, but the Answer has nonetheless addressed each allegation. Although MicroMed points out that the Birdsalls seem to contradict themselves (e.g., denying the allegations in paragraph 43 of the Complaint, then setting forth the text of the document referred to by MicroMed), the Court finds such contradictions to be permissible alternate theories, *see e.g.,* 71 C.J.S. Pleading § 176, or to represent a theory of the Birdsalls (e.g., what constitutes a "next generation" device; basis of knowledge or lack of knowledge of patent rights).

MicroMed asserts the explanations are superfluous, redundant, prejudicial, scandalous, and contain false and defamatory statements. Micromed asserts striking the document pursuant to Fed.R.Civ.P. 12(f)(2) is appropriate. Indeed, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi – Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010). Nonetheless, motions to strike "are generally disfavored because the motions may be used as delay[] tactics and because of the strong policy favoring resolution

of the merits." *Barnes v. AT & T Pension Benefit Plan*, 718 F.Supp.2d 1167, 1170 (N.D.Cal.2010). Despite its general disfavor, however, a district court's ruling on a motion to strike is reviewed only for an abuse of discretion. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n. 4 (9th Cir.2005).

It appears the parties dispute the veracity of the Birdsalls' allegations regarding fraud, retaliation for whistleblowing, and the safety and effectiveness of a MicroMed device – it is some of these statements that are the subject of MircroMed's Complaint. The Birdsalls apparently seek to defend the suit based on the claimed veracity of the statements.

Although extraneous information is included, the Answer alleges facts and theories disputing the Complaint. The Answer is not so convoluted as to its admissions/denials and affirmative defenses that it places the onus on the Court and MicroMed to decipher the Birdsalls' allegations regarding the defense of MicroMed's claims. *See e.g., Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981). Although MircroMed asserts the Answer is replete with objectively false statements, it appears that is the dispute that is presented in this case – at this point, it is only alleged the Birdsalls' statements are false, it has not been established they are objectively false statements. The Birdsalls' allegations as to what occurred (including conduct that may constitute fraud, retaliation, or may lead to a conclusion regarding the safety of a MicroMed product) from their perspective cannot be said to be so unrelated to the claims in this case as to be unworthy of any consideration of a defense. *See e.g., Gay–Straight Alliance Network v. Visalia Unified School Dist.*, 262 F.Supp.2d 1088, 1099 (E.D.Cal. 2001) ("motions to strike should be denied unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation"); *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIV F 06–1455 AWI SMS, 2007 WL 210586, at *1 (E.D.Cal. Jan. 26, 2007) (a motion to strike "may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be

prejudicial to the moving party"). Similarly, the Court cannot say that the charts included by the Birdsalls are so unrelated that they should be stricken.

However, to any extent that the Answer includes conclusory legal allegations in the form of factual allegations, such allegations are improper. *See e.g. Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Additionally, MicroMed also alleges that the Answer includes argumentative, sarcastic, and disrespectful statements that should be stricken. The Court agrees that statements that amount to name-calling and are argumentative or disrespectful are appropriately stricken. *See e.g., Alvarado Morales v. Digital Equipment Corporation*, 669 F.Supp. 1173, 1187 (D.Puerto Rico 1987) ("The federal courts do not provide a forum for mudslinging, name calling and 'privileged' defamation."); *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664–65 (7th Cir.1992) (scandalous portion of pleading may be stricken); *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D.Cal.2005) (allegation is "impertinent" if it is not responsive or relevant to the issues; it is "scandalous" if it improperly casts a derogatory light on someone); *Global View Ltd. Venture Capital v. Great Central Basin Exploration, L.L.C.*, 288 F.Supp.2d 473 (S.D.N.Y. 2003) (calling defendants unscrupulous and con artists was nothing more than name-calling and did not add to substantive claims). The Court finds that argumentative and conclusory statements as to character or credibility shall be stricken. The Court will direct the Clerk of Court to strike the Answer. The Court will direct the Birdsalls to refile their Answer without argumentative and *ad hominem* statements.

*Motion to Dismiss Counterclaims*

MicroMed asserts the Birdsalls have failed to adequately plead any counterclaims. A "short and plain statement of the claim showing that the pleader is entitled to relief" must be made to adequately allege a claim. Rule 8(a), Fed.R.Civ.P. Especially where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Nonetheless, allegations of a claim must set forth

- 5 -

a set of facts that serves to put the other party on notice as to the nature and basis of the claim(s). Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Rule 10(a), Fed.R.Civ.P. "Each claim . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." *Id.* Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes*. Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See*, *Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), affirmed 162 F.3d 1177 (compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and impossible to determine nature of claims).

Here, the Birdsalls have specifically answered the Complaint by admitting or denying each allegation of the Complaint. Further, the Birdsalls specifically identified each of their fourteen affirmative defenses. However, other than a single mention in their introductory paragraph, the Birdsalls have not set forth any specific counterclaims. The Court cannot say any counterclaims are set forth in a manner that serves to provide notice to MicroMed; rather, the onus has been placed on the Court and MicroMed to speculate what might be the Birdsalls' counterclaims. The Court finds the Birdsalls have failed to state any counterclaims in this Answer.

Although the Court is not dismissing any counterclaims (because the Court has found that no counterclaims have been stated), the Court recognizes that when a dismissal is made, a party must be given at least one chance to amend a pleading when a more carefully drafted pleading *might* state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).[1]

---

[1] The Court also recognizes that, when dismissing with leave to amend, a court is to provide reasons for the dismissal so a party can make an intelligent decision whether to file an amended pleading. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v.*

- 6 -

1  Accordingly, the Court will afford the Birdsalls an opportunity to submit an Amended
2  Answer with counterclaims if they so choose.

*Request for Attorneys' Fees in the Answer*

MicroMed requests the Birdsalls' request for attorneys' fees in the Answer be dismissed. Indeed, absent express authorization by statute, *pro se* litigants are not entitled to attorneys' fees. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 816 (9th Cir. 1985); *cf. Connor v. Cal-Az Properties, Inc.*, 668 P.2d 896, 899 (Ariz. App. 1st Div. 1983) (holding that there must be an attorney-client relationship in order to collect attorneys' fees). Nonetheless, throughout the course of this litigation, the Birdsalls may obtain the assistance of an attorney and authority for attorneys' fees may be presented to the Court. The Court will deny the request at this time.

*MicroMed's Request for Attorneys' Fees*

MicroMed requests it be awarded attorneys' fees for the preparation and filing of its Motion to Dismiss/Strike and Expunge Answer. MicroMed asserts the Birdsalls' filing of frivolous and nebulous counterclaims in bad faith and the filing of an improper Answer are the direct and proximate causes of excessive costs, expenses, and attorneys' fees incurred by MicroMed. *See* 28 U.S.C. § 1927; *Wages v. Internal Rev. Service*, 915 F.2d 1230, 1235–36 (9th Cir. 1989) (1927 sanctions may be imposed on a *pro se* litigant); *Sassower v. Field*, 973 F.2d 75 (2nd Cir. 1992), *cert. denied* 507 U.S. 1043 (fees could be awarded against a plaintiff who, though acting pro se, was a lawyer). "The decision to sanction a party rests in the sound discretion of the district court." *Calop Business Systems, Inc. v. City of Los Angeles*, — F.Supp.2d — , 2013 WL 6182627 *22 (C.D.Cal. 2013) (citations omitted). The Court

---

*Block*, 832 F.2d 1132 (9th Cir. 1987). However, in this case, the Court is not dismissing any counterclaims; further, it is not clear what counterclaims the Birdsalls may be contemplating.

- 7 -

1 declines to sanction the Birdsalls at this time.

*First Amended Answer and Pending Litigation*

The Birdsalls are advised that all admissions, denials, and affirmative defenses alleged in the original Answer which are not alleged in any Amended Asnwer will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987). Any Amended Answer filed by the Birdsalls must be retyped or rewritten in its entirety and may not incorporate any part of the original Answer by reference. Any Amended Answer submitted by the Birdsalls shall be clearly designated as an Amended Answer on the face of the document. The Birdsalls are advised that failure of an Amended Answer to state a counterclaim upon which relief can be granted will result in dismissal or non-recognition of that counterclaim.

Additionally, the Birdsalls shall take notice that if they fail to timely comply with every provision of this Order, other orders of the Court, and applicable rules, they may be subject to sanctions and/or any counterclaims will be dismissed pursuant to Fed.R.Civ.P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

Lastly, the Birdsalls are advised that, although documents filed *pro se* are held to less stringent standards, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "*pro se* litigants in the ordinary civil case [is not to be] treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); *see also Weathington v. Hunter*, 316 Fed.Appx. 603 (9th Cir. 2009) (court need not become an advocate for or assist and guide a *pro se* litigant).

*Courtesy Copies to Chambers*

The parties are advised that, generally, paper courtesy copies of documents filed must

- 8 -

1  be submitted to the Court.  *See* LRCiv 5.4 (generally, paper courtesy copy of a pleading or
2  other document must be provided to the assigned judge); CM/ECF Policies and Procedures
3  Manual § II.D.3 (discussing copies of which documents must be provided to the Court).

5  Accordingly, IT IS ORDERED:
6  1. The Motion for Summary Disposition (Doc. 10) is DENIED.
7  2. The Motion to Dismiss/Strike and Expunge Answer (Doc. 9) is GRANTED IN
8  PART AND DENIED IN PART.
9  3. The Clerk of Court shall STRIKE the Answer.
10  4. The Birdsalls shall file an Amended Answer within twenty (23) days of the
11  date of this Order.  Any Amended Answer shall not include any conclusory legal allegations,
12  argumentative statements or *ad hominem* statements.  Any Amended Answer shall comply
13  with the requirements of Fed.R.Civ.P. 8, 10, and 11. All admissions, denials, and affirmative
14  defenses alleged in the original Answer which are not alleged in any Amended Asnwer will
15  be waived.  Any Amended Answer filed by the Birdsalls must be retyped or rewritten in its
16  entirety and may not incorporate any part of the original Answer by reference.  Any
17  Amended Answer submitted by the Birdsalls shall be clearly designated as an Amended
18  Answer on the face of the document.  The failure of an Amended Answer to state a
19  counterclaim upon which relief can be granted will result in dismissal or non-recognition of
20  that counterclaim.
21  5. Any parties' failure to timely comply with every provision of this Order, other
22  orders of the Court, and applicable rules may result in sanctions and/or dismissal of claims
23  or counterclaims.  Any Amended Complaint shall comply with the requirements of
24  Fed.R.Civ.P. 8(a), 10(a), and 11(a).
25  6. The Clerk of the Court is DIRECTED to enter a judgment of dismissal, without
26  prejudice, without further notice to the Birdsalls, if they fail to file an Amended Complaint
27  within thirty (30) days of the filing date of this Order.
28

7. A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge to whom the case is assigned. *See* L.R.Civ. 5.4. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to the Birdsalls.**

8. At all times during the pendency of this action, the Birdsalls shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS". The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. The Birdsalls shall serve a copy of the Notice of Change of Address on all served opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

9. The parties shall comply with requirements set forth in LRCiv 5.4 and the CM/ECF Policies and Procedures Manual § II.D.3 generally requiring courtesy copies of documents to be provided to the Court.

DATED this 2nd day of January, 2014.

_____
Cindy K. Jorgenson
United States District Judge